UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| TAMMY CHARLTON BRIM, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>ASSURANT, INC.,[1]<br><br>Defendant. | Case No.: 3:21-cv-00221-MJN-SLO<br><br>District Judge: Michael J. Newman |

### JOINT NOTICE OF SUBSTITUTION OF CORRECT DEFENDANT, SETTLEMENT AND STIPULATED DISMISSAL WITH PREJUDICE

Defendant American Security Insurance Company ("ASIC"), a subsidiary of Assurant, Inc. which is incorrectly identified as Plaintiff's employer in the complaint filed in this matter, and ASIC is substituted herein as the correct Defendant (collectively the "Companies"), and Plaintiff Tammy Charlton Brim ("Plaintiff"), through their respective counsel of record, hereby jointly move the Court to approve the settlement agreement entered into among the Parties. In support of the Joint Stipulation, the Parties state as follows:

1. On August 13, 2021, Plaintiff filed her Collective and Class Action Complaint and Jury Trial Demand (the "Complaint") against Defendant on behalf of herself and other individuals similarly situated alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards, O.R.C. § 4111.01, *et seq.*, the Ohio Prompt Pay Act, O.R.C. §

---

[1] Plaintiff stipulates that she was never employed by Assurant, Inc. Rather, at all relevant times she was employed by American Security Insurance Company ("ASIC"). Plaintiff hereby requests the caption of the Complaint be amended to reflect that the proper Defendant is American Security Insurance Company.

4113.15, and O.R.C. § 4141.18. Plaintiff also alleged violations of various alleged contractual obligations and unjust enrichment if no contract was found. Dkt. No. 1 ¶ 52-58.

2.     Prior to effectuating service, counsel for Defendant ASIC contacted Plaintiff's Counsel to discuss the allegations in the Complaint and provide information regarding a previously filed matter that was settled and conditionally certified as part of that settlement in 2019.[2] The Parties also discussed Defendant ASIC's many policies and procedures that help prevent the types of claims asserted in this action, as well as changes Defendant ASIC made during and after the conclusion of the *Noles* matter to further ensure no violations of wage laws occur.

3.     ASIC maintains it has robust training for its employees in call centers concerning their time keeping requirements, prohibiting off-the-clock work and requiring that all time be accurately reported and its employees are paid for all hours worked.  As relates to the claims asserted in this action, ASIC moved to a cloud-based system wherein employees need not log into a computer and, instead, remain online and have almost instant access to their work space via the cloud-based system.  Accordingly, the amount of "boot-up" time, if any, alleged in the Complaint was unlikely to occur after the cloud-based system was introduced and implemented..

4.     Plaintiff worked for ASIC between January 4, 2016 and September 22, 2019—prior to the implementation of the cloud-based system. Thus, most of her potential damages occurred outside of the Ohio statute of limitations period for the state law claims, and almost entirely within the third year "willful" statutory period for the FLSA claims.

5.     Following numerous meet-and-confers regarding the impact of the *Noles* matter on this matter and Defendant ASIC's resulting employment changes, the Parties engaged in extensive

---

[2] *Noles v. American Security Insurance Co.*, No. 50-2019-CA-009301 (5th Jud. Cir. Palm Beach Cty. Fla.) ("*Noles*").

settlement negotiations which resulted in a mutually satisfactory settlement of Plaintiff's individual claims.[3]

6. As part of the settlement negotiations, Defendant ASIC's counsel disclosed substantial information regarding timekeeping policies and practices and the number of individuals potentially subsumed in the *Noles* collective class definition. The time period between the conclusion of the *Noles* settlement and the start-up of Defendants' cloud-based login process is June 10, 2019 to October 10, 2019, respectively—approximately four months.

7. Given the exceedingly narrow window of potential damages, much of which occurred outside the two-year statute of limitations period, coupled with the limited number of individuals who would be eligible to participate in this Action given the *Noles* settlement, and the policies and procedures utilized by ASIC, including its cloud-based system, the Parties agreed to settle Plaintiff's claims individually.

8. Attached hereto as Exhibit A is the Confidential Release Agreement ("Settlement Agreement") entered into between Defendants ASIC and Assurant, Inc. and Plaintiff. The Settlement Agreement provides Plaintiff a $2,500 payment for her alleged damages, and $7,000 in attorneys' fees and costs.

9. The Settlement Agreement reflects a fair, just, and reasonable resolution of the unpaid overtime claims alleged by Plaintiff. The Settlement Agreement reached is the result of lengthy negotiations between the Parties to resolve this matter. The Settlement Agreement was negotiated at arm's length by experienced counsel concerning *bona fide* disputes between their clients. Recognizing the uncertainties involved, the Parties reached a settlement based on their

---

[3] No other individual has filed a consent to join this action.

assessment of the relative strengths and weaknesses of their claims and defenses, and consideration of the risks and expenses of ongoing litigation.

10. ASIC and Assurant, Inc. deny that they are liable to Plaintiff in any amount whatsoever, or that their actions constituted willful disregard for the law or bad faith. Nevertheless, the aggregate settlement amount allocated to Plaintiff represents more than that allocated to Plaintiff in the *Noles* settlement, whereby a formula was used to calculate Plaintiff's damages at $1,388.42 (though Plaintiff did not affirmatively participate in the *Noles* settlement or receive any resulting payment). This amount is substantial, especially in light of the considerable risks presented to Plaintiff on both liability and damages. Accordingly, the Parties conclude that a settlement on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate, in the best interests of the respective Parties, and that not settling is not worth the costs and risks associated with proceeding with litigation on a collective action basis.

11. The fee-shifting provision of the FSLA allows settlement agreements to include an award of reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. The fee shifting provision of the FLSA encourages counsel to represent employees in lawsuits they might not otherwise be able to take or handle. *See Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) ("The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'") (internal citations omitted). Here, Plaintiffs' counsel is receiving $7,000 in attorneys' fee and costs—less than their total fees and costs incurred to date. The attorneys' fees and costs were negotiated separate and apart from Plaintiff's damages as the Parties collectively worked to determine Defendant ASIC's

4

potential liability. As such, the Parties agree that the attorneys' fees and costs requested are fair and reasonable.

WHEREFORE, for the foregoing reasons, the Parties respectfully request the Court approve the Joint Stipulation and enter an Order dismissing this Action with prejudice, with each Party to bear his, her, or its own costs and attorneys' fees except as otherwise provided in the Settlement Agreement.

Dated: January 5, 2022                           Respectfully submitted,

*/s/ Jacob R. Rusch*
Jacob R. Rusch (MN Bar No. 391892)
JOHNSONBECKER, PLLC
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
Telephone: (612) 436-1800
jrusch@johnsonbecker.com

*Attorney for Plaintiff*


*/s/ Shannon K. Patton*
Shannon K. Patton (0069407)
LITTLER MENDELSON, P.C.
127 Public Square
Key Tower, Suite 1600
Cleveland, OH  44114
Telephone: 216.696.7600
Facsimile: 216.696.2038
spatton@littler.com

*Attorney for Assurant, Inc. and ASIC*

5