UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TAMMY CHARLTON BRIM,

    Plaintiff,

vs.

ASSURANT, INC.,

    Defendant.

Case No. 3:21-cv-221

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

**ORDER: (1) GRANTING IN PART THE PARTIES' JOINT MOTION TO APPROVE THE SETTLEMENT AGREEMENT (Doc. No. 7); (2) APPROVING THE $2,500 SETTLEMENT PROPOSED BY THE PARTIES; (3) DEFERRING A RULING ON THE APPROPRIATENESS OF THE PROPOSED $7,000 IN FEES, COSTS, AND EXPENSES; AND (4) ORDERING COUNSEL TO PROVIDE SUPPLEMENTAL DOCUMENTATION ON THE PROPOSED FEE AWARD WITHIN FOURTEEN DAYS OF THIS ORDER**

This civil case is before the Court on the parties' joint motion to approve their settlement agreement. Doc. No. 7. Plaintiff Tammy Charlton Brim worked as a customer service representative at Defendant Assurant, Inc.'s call center from June 2011 until August 2019. Doc. No. 1 at PageID 3. In her complaint, Plaintiff alleges Defendant: (1) violated the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., by not paying her mandated overtime pay; (2) violated the Ohio Wage Act, Ohio Rev. Code §§ 4111, *et seq*., and the Ohio Prompt Pay Act, Ohio Rev. Code §§ 4113.15, 4141.18, by not compensating her for overtime hours; (3) breached its employment contract with her by not paying her for overtime work; and (4) was unjustly enriched at her expense by retaining the benefit from her uncompensated overtime work. Doc. No. 1 at PageID 14–20. [1]

---

[1] Plaintiff's complaint is styled as a class action, but she never moved for class certification, and no other individual has sought to join this action. *See* Doc. No. 1; Doc. No. 7 at PageID 40. Accordingly, the Court views this as a sole plaintiff case.

Although the parties jointly submit this settlement agreement, the Court must scrutinize it for FLSA compliance. *See Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011). After reviewing the record and the parties' settlement agreement, along with its attachments, the Court grants in part the parties' joint motion.

## I.

### A. The Agreement

"An agreement settling FLSA claims requires court approval." *Whitehead v. Garda CL Cent., Inc.*, No. 3:20-cv-736, 2021 WL 4270121, at *1 (W.D. Ky. Sept. 20, 2021) (citing *Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1026, 1030 (W.D. Tenn. 2016)). "Employees are guaranteed certain rights by the FLSA and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-cv-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). Thus, "[t]he proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Gentrup*, 2011 WL 2532922, at *2 (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)).

First, the Court must determine there is a bona fide dispute to "guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Burcham v. Taubra Corp.*, No. 3:17-cv-168, 2018 WL 3840827, at *1 (S.D. Ohio Aug. 13, 2018). Second, the Court examines several factors to determine that an agreement is "fair, reasonable, and adequate." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Co.*, 497 F.3d 615, 631 (6th Cir. 2007) (quoting Fed. R. Civ. P. 23(e)(1)(C)). These include, *inter alia*: (1) whether there was fraud or collusion; (2) how complex, time-consuming, or expensive litigation would be; (3) how much discovery the parties performed;

(4) whether Plaintiff will likely prevail on the merits; and (5) the public interest. *Id.* at 631 (first citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); and then citing *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)).

The Court finds the parties present a bona fide dispute. Plaintiff alleged that Defendant did not compensate her for overtime and pre-shift work. Doc No. 1 at PageID 5–14. Defendant denies this and argues that several defenses, including the relevant statutes of limitations, would have precluded Plaintiff's recovery. Doc. No. 7 at PageID 39–40. Thus, the parties present a bona fide dispute as to whether Defendant properly compensated Plaintiff and what damages, if any, she would be entitled to if her allegations proved correct. *Id.*; *see Burcham*, 2018 WL 3840827, at *2.

The Court also finds the terms of the settlement are fair, reasonable, and adequate. There is no evidence the present settlement was motivated by fraud or collusion. *See White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 WL 4913678, at *2 (N.D. Ohio Oct. 10, 2018) ("In assessing settlement agreements, '[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary'" (quoting *UAW v. Gen. Motors Corp.*, No. 05-cv-73991, 2006 WL 891151, at *21 (E.D. Mich. Mar. 31, 2006))). Resolving the issues between the parties through dispositive motions or trial would likely be time consuming, complex, and contentious. *See* Doc. No. 7 at PageID 38–40 (listing numerous defenses that would have to be litigated before reaching a resolution). Both parties raised potentially meritorious claims and defenses under the FLSA and, thus, success for either party was uncertain. *Id.* Plaintiff's recovery of $2,500 is reasonable considering this uncertainty. Doc. No. 7-1 at PageID 39–40, 45. Finally, approving the parties' revised settlement agreement promotes the public's interest in encouraging settlement. *See*

3

*Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *6 (N.D. Ohio Mar. 8, 2010).

For the foregoing reasons, the Court **APPROVES** the parties' settlement agreement. The Court turns next to the award of attorney's fees/costs.

  **B.**  **Attorney's Fees/Costs**

"An award of attorney fees to a prevailing plaintiff under § 16(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). The amount of attorney's fees must be reasonable. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)). "The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *United Slate, Tile & Composition Roofer, Damp & Waterproof Workers Ass'n, Loc. 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984) (citations omitted). Additionally, "the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel." *Id.* at 504.

Courts in this Circuit use two methods to determine whether a fee is reasonable. One such method is the "percentage-of-the-fund method." *See Rawlings v. Prudential-Bache Props.*, 9 F.3d 513, 516–17 (6th Cir. 1993). Or, as is more common in this district, the Court can use the "lodestar" method, which multiplies a reasonable hourly rate by the number of hours the attorneys reasonably expended on the litigation. *Swickheimer v. Best Courier, Inc.*, No. 2:19-cv-3706, 2021 WL 6033682, at *3 (S.D. Ohio Dec. 21, 2021). This rate should adhere to "the 'prevailing market rate[s] in the relevant community[,]'" *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)), and the hours counted must be

4

reasonable, meaning not "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "To justify any award of attorneys' fees, the party seeking compensation bears the burden of documenting its work." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007) (citing *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999)).

The parties' settlement agreement awards Plaintiff's counsel fees, costs and expenses of $7,000, without stating how this sum was calculated. Doc. No. 7-1 at PageID 45. Counsel claims that this award is "less than their total fees and costs incurred to date" and is fair and reasonable. Doc. No. 7 at PageID 41–42. But Counsel did not submit an affidavit setting forth the total number of hours billed, what they charged, or what costs they incurred. Without such proof, the Court cannot conclude that the propose $7,000 sum is fair or reasonable. *See, e.g.*, *Gonter*, 510 F.3d at 617; *cf. Dean v. F.P. Allega Concrete Constr. Corp.*, 622 F. App'x 557, 559–60 (6th Cir. 2015) (reversing district court's attorney's fees award where it did not prove whether the award was fair and reasonable); *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 367–73 (6th Cir. 2014) (same).

## II.

The Court thus **APPROVES** the $2,500 settlement proposed by the parties but **DEFERS** a ruling on the appropriateness of the proposed $7,000 in fees, costs and expenses. Counsel shall provide supplemental documentation on that amount **WITHIN FOURTEEN DAYS** of this Order.

**IT IS SO ORDERED.**

Date: May 9, 2022                                 s/Michael J. Newman
                                                                    Hon. Michael J. Newman
                                                                    United States District Judge