UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TAMMY CHARLTON BRIM,

    Plaintiff,

vs.

ASSURANT, INC.,

    Defendant.

Case No. 3:21-cv-221

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) APPROVING THE PROPOSED $7,000.00 AWARD IN ATTORNEY'S FEES, COSTS, AND EXPENSES IN THE PARTIES' SETTLEMENT AGREEMENT (Doc. No. 7-1); AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This civil case is before the Court following its previous order granting in part the parties' joint motion to approve their settlement. Doc. Nos. 7-1, 9. The Court approved Plaintiff's settlement award, but refrained from approving the proposed attorney's fees, costs, and expenses for lack of documentation and invited the parties to submit proof supporting the proposed award. Doc. No. 9 at PageID 61–63. Counsel filed an affidavit documenting how they incurred the fees, costs, and expenses. Doc. No. 10. This matter is now ripe for review.

**I.**

As detailed in this Court's prior order, Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and Ohio law arise from her employment as a customer service representative in Defendant's call-center. *See* Doc. No. 9 at PageID 59. The Court approved a settlement amount of $2,500. *Id.* at PageID 62. Counsel sought fees and costs of $7,000 but did not provide documentation supporting why such an award would be reasonable. *See id.* Now, counsel returns with a more detailed request. To support the proposed $7,000 fee award, counsel cites to the

following: (1) their experience handling FLSA cases; (2) their hourly rates; (3) the hours they worked; and (4) how their proposed award compares with the "lodestar" award as calculated by multiplying the amount of hours worked by their hourly rate. *See* Doc. No. 10.

## II.

Attorney's fees under the FLSA are mandatory for a successful plaintiff, *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), but the amount must be reasonable, *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)). "The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *United Slate, Tile & Composition Roofer, Damp & Waterproof Workers Ass'n, Loc. 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984) (citations omitted).

As relevant here, a reasonable way to calculate attorney's fees is the "lodestar" method—a "presumptively sufficient" method of calculation that compares the proposed award to a usual, reasonable award. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *see also Dean v. F.P. Allega Concrete Constr. Corp.*, 622 F. App'x 557, 559 (6th Cir. 2015) ("In determining the amount of any award under the FLSA, courts start with the lodestar amount: the number of hours worked times a reasonable hourly rate" (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983))). To calculate the lodestar, the Court multiplies a reasonable hourly rate by the number of hours the attorneys reasonably expended on the litigation. *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021). This rate should adhere to "the 'prevailing market rate[s] in the relevant community[,]'" *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)), and the hours counted must be reasonable—not "excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434.

When considering the reasonableness of an award, courts weigh the *Ramey* factors: 1) the value of the benefits to the plaintiff; (2) society's stake in rewarding attorneys who produce such benefits; (3) whether the services were undertaken on contingency; (4) cross checking the fee against the lodestar; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides. *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

The lodestar method is appropriate here. *Cf. Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011) ("[A] district court generally must explain its 'reasons for adopting a particular methodology and the factors considered in arriving at the fee'" (quoting *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009))). The *Ramey* factors support applying the lodestar method, considering the substantial benefit rendered to Plaintiff; the many hours expended to achieve the recovery; the skill of counsel in this matter; and the promotion of attorneys to take on similar cases in the future. *See, e.g.*, *Gascho v. Global Holdings, LLC*, 822 F.3d 269, 280 (6th Cir. 2016) (finding district court correctly applied the lodestar method "because the results achieved by the settlement are substantial and therefore the interest in fairly compensating counsel for the amount of work done is great") (internal quotations omitted).

Invoking the lodestar method, counsel offers two, reasonable hourly rates: (1) $300.00 per hour for the three attorneys on the case; and (2) $125.00 per hour for the two legal assistants who also worked on the case. *Id.* Such rates are reasonable, considering counsel's experience with FLSA cases. *Id.* at PageID 64; *see, e.g.*, *Smith v. Local Cantina, LLC*, No. 2:20-cv-03064, 2022 WL 11883325, at *5 (S.D. Ohio Apr. 19, 2022) (approving hourly rates of $550–$600 for experienced attorneys and $150 for assistants).

The lodestar, calculated by multiplying the 74.3 hours spent on this case by the hourly rates, is approximately $18,527.00. *See* Doc. No. 10 at PageID 65–66. The $7,000.00 proposed

award is around one-third of the lodestar. *See id.* Such a fee is reasonable "as a significant reduction of the lodestar." *Macaluso v. Zirtual Startups, LLC*, No. 2:19-cv-3616, 2021 WL 3639665, at *6 (S.D. Ohio Aug. 17, 2021) (finding that fee award one-third of the lodestar amount was reasonable). Considering the same factors that justify application of the lodestar method support the fee award here, *see supra*, a $7,000.00 fee award is reasonable, *see, e.g.*, *Gascho*, 822 F.3d at 280; *Macaluso*, 2021 WL 3639665, at *3–8.

### III.

Therefore, this Court: (1) **APPROVES** the proposed $7,000.00 attorney's fees, costs, and expenses award in the parties' settlement agreement (Doc. No. 7-1); and (2) **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:  June 27, 2022                                  s/Michael J. Newman
                                                                              Hon. Michael J. Newman
                                                                              United States District Judge